UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PFIZER INC. and SUBSIDIARIES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

## COMPLAINT

Plaintiff, Pfizer Inc. and Subsidiaries ("Pfizer"), brings this action against Defendant, United States of America, to recover interest due with respect to Pfizer's taxable year ended December 31, 2008, which Defendant, through its agency, the Internal Revenue Service (the "Service"), has erroneously refused to refund to Pfizer.

## Background

1.   Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 235 E. 42nd Street, New York, New York 10017.

2.   Pfizer Inc. was the parent corporation of a group of affiliated U.S. corporate taxpayers filing a consolidated federal income tax return for the year ended December 31, 2008.

3.   This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1346(a)(1).

4.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1402, as Pfizer has its principal place of business in the Southern District of New York.

5. Pfizer is a calendar year taxpayer. Pfizer's tax return for the year ended December 31, 2008, was due on March 15, 2009. *See* 26 U.S.C. § 6072(b).[1] A corporation, such as Pfizer, is permitted an automatic extension of six months for filing a corporate income tax return, provided the corporation files an application on Form 7004 (Application for Automatic Extension of Time to File Corporation Income Tax Return) before the return due date. *See* I.R.C. § 6081(b); Treas. Reg. § 1.6081-3(a). On March 3, 2009, Pfizer filed a Form 7004 for its tax year ended December 31, 2008, and extended the due date of its return until September 15, 2009.

6. On September 11, 2009, Pfizer timely filed its 2008 federal income tax return. The 2008 Pfizer tax return showed an overpayment of tax of $769,665,651. Pfizer received an electronic return acknowledgement showing the Service accepted Pfizer's 2008 federal income tax return on September 11, 2009. Pfizer's income tax return was complete in all respects when originally filed and processed by the Service. No additional information was requested of Pfizer by the Service regarding the return nor did Pfizer submit any additional information.

7. Pfizer's 2008 federal income tax return listed its address as 150 E. 42nd St., New York, New York 10017.

8. On its 2008 federal income tax return, Pfizer requested that $500,000,000 of the overpayment be refunded and the balance of $269,665,651 be applied to its 2009 estimated tax.

9. When the Service processed the return, refunds totaling $499,528,499 (five checks of $99,000,000.00 and one check of $4,528,449.05 (the "Six Refund Checks")) were

---

[1] Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986, as amended and in effect in the years at issue (26 U.S.C.) ("I.R.C." or the "Code"). References to the Treasury Regulations (Treas. Reg.) are to the Treasury regulations under the Code as in effect during the year at issue (26 C.F.R.).

scheduled for October 19, 2009. The total $499,528,499 refund differed from the amount requested due to the fact that a portion of the overpayment was applied to Pfizer's tax year ended December 31, 2007.

10. Pfizer never received the Six Refund Checks.

11. The Six Refund Checks were not deposited in a Pfizer bank account.

12. The Six Refund Checks were never presented by Pfizer to a bank for payment.

13. Pfizer made numerous inquiries of the Service about the status of the refund between December 2009 and February 2010. The Service's internal records corroborate Pfizer's inquiries about the refund. If the Six Refund Checks were mailed, the Six Refund Checks would have been sent by First Class Mail in individual envelopes. The Six Refund Checks would have been mailed to Pfizer at 150 E. 42nd St., New York, New York 10017.

14. In December 2009, Pfizer contacted the Ogden Service Center of the Service a number of times, inquiring about the status of their refund. Ogden Service Center personnel stated that they would check on the status, but no refund was received by Pfizer.

15. In 2010, Pfizer continued to follow up with the Service over the status of the refund.

16. In February 2010, Pfizer again contacted the Ogden Service Center, specifically Judy English of the Service's Large Corp/Technical unit, to again ascertain the status of the refund. Ms. English confirmed that the Six Refund Checks were not sent, and she indicated that she would look into the matter.

17. On February 25, 2010, Judy English wrote an e-mail to Robert Gerken of Pfizer, stating that she "just heard from the refund inquiry unit" and that "[t]hey have confirmed that the checks weren't sent & stopped the request." She explained that "the stop request is necessary in

order to resend refunds.  It will take until Monday for this request to show on the computer & then I may resend refund."

18. The Service cancelled the Six Refund Checks.

19. The Service never produced the original Six Refund Checks or copies of them.

20. A refund totaling $499,528,499 was ultimately issued to Pfizer in March 2010. The electronic funds transfer of the $499,528,499 tax refund was deposited in Pfizer's bank account on March 19, 2010.  No interest was paid on the $499,528,499 tax refund.

21. Pfizer subsequently filed a claim for refund on March 13, 2013, requesting allowable interest on the $499,528,499 tax refund under section 6611.

22. The Service disallowed the Pfizer's claim for allowable interest, stating in the letter disallowing the claim:

> Our records indicate the refund checks issued October 19, 2009 were sent to the address on file.  If the Post Office returns the refund check(s) to us because they can't deliver them, we will reissue the checks, but we won't pay additional interest.  All taxpayers are ultimately responsible for informing the Internal Revenue Service of their current address.

23. Pfizer's transcript of account with the Service states that the Six Refund Checks were issued on October 19, 2009, and that the Six Refund Checks were canceled on the same day, October 19, 2009.  The Service provided no evidence that the Six Refund Checks were actually mailed.

24. Pfizer, on information and belief, has not previously failed to receive payment of a refund of federal income tax and interest approved by the Service.  Pfizer previously received several significant refunds of federal income tax and interest from the Service.  For example, on November 18, 2009, Pfizer received four refunds totaling $399,186,810.  Additionally, on November 1, 2010, Pfizer received a refund of $555,872,076.

**Claim for Refund**

25.     Pfizer is entitled to allowable interest under section 6611(a) of the Code, which requires interest to be paid upon any overpayment with respect to any internal revenue tax at the overpayment rate established under section 6621(a)(1).

26.     Section 6611(b)(2) of the Code requires interest to be paid in the case of a refund, "from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer <u>after tender of such check to the taxpayer</u>."  (Emphasis added.)

27.     Section 6611(e)(1) of the Code states "[i]f any overpayment of tax imposed by this title is refunded within 45 days after the last day prescribed for filing the return of such tax (determined without regard to any extension of time for filing the return) or, in the case of a return after such late date, is refunded within 45 days after the date the return is filed, no interest shall be allowed under subsection (a) on such overpayment."  Because the refund was ultimately received on March 19, 2010, which is more than 45 days after the return was timely filed on September 11, 2009, Pfizer properly requested the payment of allowable interest on the $499,528,499 refund from March 15, 2009, which was the due date of the return.

28.     The Service did not "tender" any of the Six Refund Checks to Pfizer.

29.     Because the Service failed to establish "tender" of the Six Refunds Checks or the $499,528,499 refund until the March 19, 2010, receipt of the funds, Pfizer is entitled to allowable interest on the refund.  <u>Doolin v. United States</u>, 918 F.2d 15 (2d Cir. 1990).

30.     This civil action is timely under 28 U.S.C. § 2401(a).

WHEREFORE, Plaintiff, Pfizer, Inc. (U.S.) and Subsidiaries, prays for a judgment against the United States, upon the facts and law, for the taxable year 2008 in the amount of

$8,298,048, or such other amount as may be legally payable, plus statutory interest, and grant such other and further relief as this Court deems just and proper.

Dated: March 11, 2016

|  |  |
|---|---|
|  | BAKER & McKENZIE LLP |
|  | By  s/ Charles Cummings<br>      Charles Cummings<br>*Attorney for the Plaintiffs*<br>452 Fifth Avenue |
| OF COUNSEL | New York, New York  10018<br>(212) 626-4100 |
| Robert S. Walton<br>Russell R. Young<br>Susan E. Ryba |  |
| Baker & McKenzie LLP<br>300 E. Randolph Street, Suite 5000<br>Chicago, IL 60601<br>(312) 861-8000 |  |