USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                               :
PFIZER, INC.,                                     :
                           Plaintiff,     :
                                               :      16 Civ. 1870 (LGS)
                  -against-                     :
                                               :      **OPINION AND ORDER**
UNITED STATES OF AMERICA,          :
                                     Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Pfizer, Inc. brings this action against Defendant United States of America to recover interest due with respect to Plaintiff's taxable year ended December 31, 2008. Defendant previously moved to dismiss the Complaint for lack of subject matter jurisdiction. The Court denied that motion, holding that 28 U.S.C. § 1346(a)(1) grants subject matter jurisdiction over this action because Plaintiff seeks "recovery of . . . [a] sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." *Pfizer, Inc. v. United States*, No. 16 Civ. 1870, 2016 WL 6902196, at *2 (S.D.N.Y. Oct. 31, 2016) (quoting § 1346(a)(1)). Defendant again moves to dismiss for lack of subject matter jurisdiction, this time on the ground that the suit was filed outside the time limits set forth in 26 U.S.C. § 6532(a)(1). For the following reasons, the motion is granted.

I. **BACKGROUND**

       The following facts are taken from the Complaint and documents submitted on this motion. The facts are construed in the light most favorable to Plaintiff. *See McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).

       Plaintiff was the parent corporation of a group of affiliated U.S. corporate taxpayers filing a consolidated federal income tax return for the year ended December 31, 2008. That tax

return was due on March 15, 2009.  On March 3, 2009, Plaintiff filed a Form 7004 for its tax year ended December 31, 2008, and extended the due date of its return until September 15, 2009.  On September 11, 2009, Plaintiff timely filed its 2008 federal income tax return, which showed an overpayment of tax of $769,665,651.  Plaintiff received an electronic return acknowledgement showing the Internal Revenue Service (the "IRS") accepted Plaintiff's 2008 federal income tax return on September 11, 2009.  On the return, Plaintiff requested that $500,000,000 of the overpayment be refunded and the balance of $269,665,651 be applied to its 2009 estimated tax.  The IRS processed the return, and six refund checks, totaling $499,528,499, were scheduled to issue on October 19, 2009.

Plaintiff never received the refund checks.  Plaintiff made numerous inquiries of the IRS about the status of the refund between December 2009 and February 2010.  In February 2010, the IRS confirmed that the six checks had not been sent and canceled them.  Plaintiff's transcript of account with the IRS states that the six refund checks were issued on October 19, 2009, and canceled the same day.

On March 19, 2010, the IRS deposited the $499,528,499 tax refund directly in Plaintiff's bank account via electronic funds transfer.  No interest was paid on the $499,528,499 tax refund.  Plaintiff subsequently filed a claim for refund on March 13, 2013, requesting allowable interest on the $499,528,499 tax refund under 26 U.S.C. § 6611.  The IRS disallowed Plaintiff's claim for interest.  The notice of disallowance was sent by certified mail to Plaintiff in Madison, New Jersey, and received there on May 10, 2013, according to a certified mail receipt that Defendant submitted on this motion.  In this action, Plaintiff seeks interest in the amount of $8,298,048 for the period from March 15, 2009, when Plaintiff's return was due, until March 19, 2010, when Plaintiff received the tax refund.

## II.   STANDARD

In deciding motions to dismiss under Rule 12(b)(1), a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *McGowan*, 825 F.3d at 125.  The plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.  *Id.*  "When subject matter jurisdiction is challenged, we are free to consider materials extrinsic to the complaint."  *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002); *accord Devi v. Silva*, 861 F. Supp. 2d 135, 143–44 (S.D.N.Y. 2012) (citing *Moser*).

## III.   DISCUSSION

Defendant's motion to dismiss is granted because Plaintiff's suit is time barred under 26 U.S.C. § 6532(a)(1).

The Court previously determined that 28 U.S.C. § 1346(a)(1) grants subject matter jurisdiction over this action because the tax overpayment interest that Plaintiff seeks is encompassed by the statutory language "any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."  *Pfizer*, 2016 WL 6902196, at *2. Plaintiff urged that interpretation in response to Defendant's first motion to dismiss, and that interpretation is now law of the case.  *See Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) ("The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case.").

"Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions.  The first is [26 U.S.C.] § 7422(a) . . . ."  *United States v. Dalm*, 494 U.S. 596, 601 (1990).  Section 7422(a) requires a taxpayer seeking to recover "any sum alleged to have been

3

excessive or in any manner wrongfully collected" to file a claim for refund with the IRS before suit can be brought. Additionally, 26 U.S.C. § 6532(a)(1) states, "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing" by the IRS to the taxpayer a notice of disallowance of claim. This statutory scheme allows a taxpayer to bring a refund claim in federal district court under § 1346(a)(1) "within two years after the IRS disallows the taxpayer's administrative refund claim." *EC Term of Years Trust v. United States*, 550 U.S. 429, 431 n.2 (2007) (citing 26 U.S.C. §§ 6532(a)(1)–(2), 7422(a)).

Here, Plaintiff filed a pre-suit claim for refund with the IRS in accordance with § 7422(a). The IRS denied the claim in a letter sent by certified mail and received by Plaintiff on May 10, 2013. Because Plaintiff commenced this action more than two years later -- on March 11, 2016 -- the action is time barred under § 6532(a)(1). This time bar is jurisdictional, because "[a] statute of limitations requiring that a suit against the Government be brought within a certain time period is one of [the] terms" that defines the scope of the Government's waiver of sovereign immunity. *Dalm*, 494 U.S. at 608. Accordingly, Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction is granted. *See Wichita Ctr. for Graduate Med. Educ. v. United States*, No. 16 Civ. 1054, 2016 WL 7386454, at *2 (D. Kan. Dec. 21, 2016) (denying motion for class certification because the court concluded that, while it had jurisdiction to entertain claims for unpaid interest under § 1346, it lacked jurisdiction over those proposed class members who had not satisfied the prerequisites of § 7422 and § 6532).

Plaintiff's arguments for not applying the two-year limitations period derived from § 7422 and § 6532 to its claim are unpersuasive. The cases Plaintiff cites are inapposite because they were not commenced in a district court pursuant to § 1346(a)(1). *See, e.g.*, *Exxon Mobil*

*Corp. & Affiliated Cos. v. C.I.R.*, 689 F.3d 191, 198 & n.9 (2d Cir. 2012) (implying in dicta that a six-year limitations period applied to Exxon's claim for "global interest netting" under § 7481(c)(1)); *Gen. Elec. Co. & Subsidiaries v. United States*, 384 F.3d 1307, 1308, 1312 (Fed. Cir. 2004) (appeal from a decision of the Court of Federal Claims concerning GE's claim for interest on its overpayment of taxes under § 6611); *Four Star Oil & Gas Co. v United States*, 49 Fed. Cl. 755, 760 (Fed. Cl. 2001) ("Claims for unpaid overpayment interest under § 6611(a) are governed by the six-year limitations period of §§ 2401 and 2501 . . . ." (citing *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1384 (Ct. Cl. 1972))). Plaintiff cites no cases that analyze, much less hold, that the six-year limitations period of 28 U.S.C. § 2401(a) applies in cases, like this one, where the court's subject matter jurisdiction is based on § 1346(a)(1).

Plaintiff also does not offer a convincing rationale as to why § 7422 and § 6532 -- which use the same "any sum" language as § 1346(a)(1) -- do not apply to a suit brought under § 1346(a)(1) for overpayment interest. Plaintiff characterizes § 7422 as a waiver of sovereign immunity and argues that it "does not apply to this action because [26 U.S.C.] Section 6611 provides the waiver of sovereign immunity here." Section 6611, which allows for interest to be paid on overpayments of tax, may be one relevant waiver of sovereign immunity here, but it is not the only one. *See Ikelionwu v. United States*, 150 F.3d 233, 239 (2d Cir. 1998) ("Absent 'express [C]ongressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.'" (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986))); *Ford Motor Co. v. United States*, 768 F.3d 580, 586 (6th Cir. 2014) ("*Shaw* . . . appears to require *two* waivers of sovereign immunity in the context of a suit against the government to obtain interest -- one jurisdictional waiver establishing the right to bring suit in an appropriate court, and a second substantive waiver

5

expressly authorizing an award of interest."). Section 1346(a)(1) also acts as a waiver of sovereign immunity here, *see Pfizer*, 2016 WL 6902196, at *3, and as explained above, is qualified by the requirements of § 7422 and § 6532. Plaintiff has not explained why the application of § 6611 as a waiver of sovereign immunity exempts this action from those requirements.

Having invoked the Court's jurisdiction under § 1346(a)(1), Plaintiff is subject to the requirements imposed on actions brought pursuant to that section. One of those requirements is that a suit must be commenced within two years from when the IRS mails its notice of disallowance of a taxpayer's refund claim. 26 U.S.C. § 6532(a)(1). Because it is undisputed that Plaintiff commenced this action outside of the two-year limitations period, Plaintiff's claim is time barred, and the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction is GRANTED. Plaintiff's request for a pre-motion conference to address its anticipated motion for summary judgment is DENIED as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 40 and 48, and close the case.

Dated: May 12, 2017
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**